CORNELIA R. KANE, as Executrix, etc., of WILLIAM H. KANE, Deceased, Appellant, *v.* ROBERT LENOX BELKNAP, Respondent.

*Payment of a loan by making an investment for the lender — evidence as to whether the investment was actually made.*

70  211
144a 702

In an action brought by the executrix of William H. Kane, against an attorney in fact of her testator, to recover $5,000 alleged to have been received by the defendant from Kane and not invested as it was his duty to do, it appeared that the defendant had received the money in a manner which amounted to a call loan from Kane, and the defendant claimed that he repaid it by investing it for Kane in a "Grant & Ward contract," it appeared that he had authority from Kane to make an investment of that nature, and the question was whether or not he actually made it.

The defendant testified that the investment was made, and an account was put in evidence in which Kane was charged with an investment of $5,000 on the day the investment was claimed to have been made, which Kane had acknowledged by letter to be correct.

The plaintiff called as a witness a bookkeeper of the defendant, who kept Kane's account, and who testified that he personally made the investment; the plain-

tiff sought to raise a doubt as to the correctness of this testimony by producing Kane's check book, which at the time in question was kept by the witness, this showed a check on Kane's bank for $5,000, payable to the witness' order, and signed with Kane's name by the defendant as attorney ; the check was attached to a stub on which was written "for investment G. & W." This check had not been used and the signature was canceled, and the witness testified that it was not used so as to avoid two unnecessary transactions and entries, to wit, the drawing of a check by the defendant on his bank account in payment of the loan from Kane and depositing it to his credit, and then the use of the check in question in payment for an interest in a Grant & Ward contract purchased by the defendant for Kane on that date.

*Held*, that there were no such suspicious circumstances connected with the transaction as to make it necessary to submit to the jury the undisputed testimony of the witness that the investment was actually made, and, hence, that a verdict for the defendant was rightly directed.

APPEAL by the plaintiff, Cornelia R. Kane, as executrix, etc., of William H. Kane, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the city and county of New York on the 22d day of April, 1892, upon a verdict for the defendant rendered by direction of the court at the New York Circuit, and from an order denying the plaintiff's motion for a new trial.

*John M. Bowers*, for the appellant.

*Robert W. Weeks*, for the respondent.

FOLLETT, J. :

This action was brought to recover $14,000 on account of the following sums of money received by the defendant from the plaintiff's testator at the following dates : December 20, 1883, $5,000 ; December 27, 1883, $10,000 ; May 1, 1884, $5,000. It is admitted that $6,000 of this sum was subsequently paid. The complaint contains two causes of action : (1) Charging the defendant with negligence in investing these sums in Grant & Ward contracts. (2) With not having invested said sums as was his duty to do.

On the 1st day of October, 1873, the plaintiff's testator executed and delivered to the defendant a power of attorney, which is in its terms broad enough to authorize the investment by the defendant of the sums mentioned, in the way in which he claims to have invested

them. This power remained in force until the death of William H. Kane, which occurred in December, 1886.

The defendant in his answer admits that he received the foregoing sums of money belonging to the testator at the dates mentioned, for investment, and alleges : "That he invested the same pursuant to the directions of said Kane, and pursuant to the general authority and discretion given to him, and has since fully accounted therefor and paid over the entire proceeds thereof." The plaintiff admits on this appeal that, as to the first and second items, it was right to direct a verdict for the defendant, but insists that it was error to refuse to submit to the jury the question as to the plaintiff's right to recover for the $5,000 received May 1, 1884.

There was an entire failure to sustain the first cause of action, for the evidence furnished by the testator's letters and the testimony of Stevenson established, beyond doubt, that the testator authorized the defendant to invest in these so-called contracts. May 9, 1884, the defendant wrote Kane, stating that he had invested these sums in Grant & Ward contracts, and informed him of the failure of that firm. On the twenty-sixth of the same month, Kane replied, say-ing, among other things relating to the same subject : "I do not blame you at all, as I gave you my consent to your loaning it to them before I left last fall." Stevenson, a witness called by the plaintiff, testified that he heard Kane direct the defendant to invest $20,000 of his money in those contracts. In addition to this, the statements rendered by the defendant to the plaintiff, from time to time, showed that such investments had been made, and the sums allowed as profits had been credited to Kane.

The sole question left in the case is whether the defendant on the 1st day of May, 1884, actually invested $5,000 with Grant & Ward for Kane.

That he had authority to make such investment is established beyond question, and it is also conclusively shown by the corre-spondence between them subsequent to the failure of Grant & Ward, that the defendant reported that he had invested that sum with them, and that Kane acknowledged his right to make the investment. Did the defendant make a misstatement in regard to having made the investment ? If he did, he is liable. Was there sufficient evidence to make this a question of fact for the jury ?

It is claimed that the investment was effected through the following transactions:

March 13, 1884, the defendant drew a check on the bank account of Kane for $5,000, which was deposited to the credit of the defendant's bank account. This was in effect a call loan made by Kane to defendant through the agency of the latter. It may be that the terms of the power of attorney are not broad enough to authorize the defendant, as agent, to borrow for himself the money of his principal. However, this point is not raised, and it appears from the evidence that defendant had previously borrowed money of Kane in the same manner, and had made loans to Kane by checks drawn upon his account, which were deposited to the credit of Kane's bank account. This seems to have been a mode adopted of keeping their bank accounts good.

The defendant insists that he paid this loan May 1, 1884, by investing $5,000 in a Grant & Ward contract, and by depositing to the credit of Kane's bank account a check for thirty-three dollars and thirty-three cents, interest on the loan at the rate of five per cent. Kane's bank account is in evidence, in which there is this entry: "May 1, 1884, call loan of March 13th pd. and Int. 5% $33.33." An account showing this item was rendered by the defendant to Kane July 10, 1884, who acknowledged its receipt by a letter dated August first, in which he says that the account is correct. In the same account Kane is charged with an investment of $5,000 on that date, which is the item claimed to have been invested in a Grant & Ward contract.

The assertion of the defendant is that instead of drawing a check against his own account and having it credited to Kane's bank account, that he paid the loan by investing the sum as before stated. The plaintiff, to establish his cause of action, called Mr. Stevenson, defendant's bookkeeper, who also kept the account of Kane while he was absent in Europe. He testified positively that the defendant, on the first of May, paid the loan by investing $5,000 in a Grant & Ward contract, and that he personally made that investment. The plaintiff seeks to raise a doubt as to the truthfulness of this testimony by producing Kane's check book, which during the early part of 1884 was kept by Stevenson. In this book there is a check and a stub, of which the following are copies:

| *Stub.* | | *Check.* |
|---|---|---|
| 4460 | W. H. KANE. | No. 4460.   NEW YORK, 1 *May*, 1884. |
| 1st May, 1884. | | *National Bank of Commerce* |
|    R. L. Belknap | | Pay to the order of W. P. Stevenson |
|    for investment | | Five thousand................dollars. |
|    in G. & W.    5000 | | $5000.    WILLIAM H. KANE. |
| | | By R. L. BELKNAP, *Atty.* |

This check has never been used, and the signature has been canceled. Stevenson, who drew the check and made the investment as the agent of the defendant, testified that the check was not used so as to avoid two unnecessary transactions and entries, to wit : The drawing of a check by the defendant on his bank account in payment of the loan from Kane, and depositing it to his credit, and then the use of the check above set forth in payment for an interest in a Grant & Ward contract, purchased by the defendant for Kane on that date.

This was positively testified to, and we are unable to see any suspicious circumstances connected with the transaction, making it necessary to submit to the jury the question of the truthfulness of the undisputed testimony of Stevenson. More than this, after Kane's return from Europe, this check book was returned to and used by him, and the transaction was never repudiated nor questioned by him.

If, as the plaintiff asserts, the defendant did not make the investment, and his claim to have done so was a fraudulent afterthought, it is difficult to see why no attempt was made to conceal this so-called evidence of guilt, as there was ample opportunity for doing so.

We think the check and stub, in connection with the circumstances, sustain rather than discredit the testimony of Stevenson, and that a verdict was rightly directed for the defendant, and that the judgment should be affirmed, with costs.

VAN BRUNT, P. J., concurred.

Judgment affirmed, with costs.